No. _____

| | | |
|---|---|---|
| Ronnie Heath | § | In the Texas Court of |
| vs. | § | Criminal Appeals |
| The State of Texas | § | at Austin, Texas |

On Appeal from the Fifth Court of Appeals
in Cause No. 05-14-00806-CR

RECEIVED IN
COURT OF CRIMINAL APPEALS
SEP 16 2015
Abel Acosta, Clerk

**Appellant's Motion to Extend the
Time for Filing a Petition for Discretionary Review**

FILED IN
COURT OF CRIMINAL APPEALS
SEP 17 2015
Abel Acosta, Clerk

**To the Honorable Judges of said Court:**

Comes now Appellant, and respectfully requests that the time for filing a Petition for Discretionary Review in the above-styled and numbered cause be extended. In support of this motion Appellant would show:

1. On July 30, 2015, Appellant's conviction was affirmed by the Fifth Court of Appeals in Cause No. 05-14-00806-CR styled Ronnie Heath v. The State of Texas.

2. On August 5, 2015, Appellant's counsel filed a Motion for Rehearing.

3. On August 26, 2015, Appellant's Motion for Rehearing was granted and the Court issues an Opinion on Rehearing affirming the conviction.

1

4. The present deadline for filing a Petition for Discretionary Review is September 25, 2015. Appellant respectfully requests an extension of time until November 24, 2015.

5. No previous extension of time has been granted.

6. Appellant would show the Court that a reasonable explanation exists for the requested extension. Appellant is currently incarcerated in the Texas Department of Criminal Justice and has limited legal knowledge. Appellant must go to the unit law library to research and draft the issues.

Wherefore, premises considered, Appellant respectfully requests that the time for filing a Petition for Discretionary Review be extended to November 24, 2015.

§

Respectfully submitted,

Ronnie Heath, Appellant # 14018945
Kays Tower 03-E
P.O. Box 660334
Dallas, TX 75266-0334

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion has been served on the Dallas County District Attorney's Office, Appellate Division, 133 N. Riverfront Blvd., LB 19, Dallas, Texas, 75207, by depositing same in the United States Mail, Postage Prepaid on Sept. 7, 2015.

Ronnie Heath, Appellant

**Affirmed as Modified and Opinion Filed July 30, 2015.**

*Justice Lang, there's no reason - the perjured testimony by Officer Klinglesmith look at the facts. Arrest and Heaths*

*can you honestly say [reason]able doubt surrounding Security Guerra and PLEASE, PLEASE surrounding Heath's conviction.*

*TRIAL: 1205 Am 3/29/14*

*1 Min.*

*Arrest Report 850pm 3/29/14*

In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

No. 05-14-00806-CR

**RONNIE HEATH, Appellant**

V.

**THE STATE OF TEXAS, Appellee**

On Appeal from the Criminal District Court No. 1
Dallas County, Texas
Trial Court Cause No. F-1453600-H

# MEMORANDUM OPINION

Before Justices Bridges, Lang, and Schenck
Opinion by Justice Lang

Ronnie Heath appeals the trial court's judgment convicting him of theft, enhanced (1) because the value of the property stolen was less than $20,000 and the property stolen was aluminum and (2) by two prior state jail felonies. *See* TEX. PENAL CODE ANN. §§ 31.03(a), (e)(4)(F)(i), 12.425(a) (West Supp. 2014). The jury found Heath guilty, the enhancements true, and assessed his punishment at five years of imprisonment. In his sole issue on appeal, Heath argues the evidence is insufficient to support his conviction. We conclude the evidence is sufficient. Also, we conclude the judgment lists an incorrect degree for the offense and modify the judgment accordingly. The trial court's judgment is affirmed as modified.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Juan Guerra, the night watchman for Action Metals, a facility that recycles metals including aluminum, climbed a ladder to look over a fenced area and saw a man throwing a

loaded sack over the fence. Guerra told the man to leave and called 9-1-1. The man did not pay any attention to Guerra. Instead, the man returned for more material. The man threw two additional bags over the fence, climbed the fence, put the bags into a shopping cart, and left "turn[ing] on Lamar." Guerra described the perpetrator as a thin, African-American man who was approximately five feet seven or eight inches tall.

Officer Troy Klinglesmith responded to the 9-1-1 call and arrived within a minute. He saw a black male pushing a shopping cart down the street. Officer Klinglesmith stopped the man, questioned him, and identified the man as Heath. Also, he observed bags of what appeared to be aluminum in the shopping cart. Officer Klinglesmith told Heath to "put the stuff back," then followed Heath to Action Metals. At Action Metals, Guerra identified Heath as the man he saw taking the property and pushing the shopping cart. Then, Officer Klinglesmith applied a magnet to the metal, found it was not attracted to the metal, thereby confirming that the metal was aluminum. The next day, Boris Grinstein, the vice president and manager of Action Metals, weighed the aluminum, determining it was "over a hundred [pounds]."

Heath was indicted for theft and the offense was enhanced to a state jail felony because the property stolen was aluminum and its value was less than $20,000. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(F)(i). The indictment also alleged two prior state jail felonies. *See* TEX. PENAL CODE ANN. § 12.425(a). The jury found Heath guilty, the enhancements true, and assessed his punishment at five years of imprisonment.

## II. SUFFICIENCY OF THE EVIDENCE

In issue one, Heath argues the evidence is insufficient to support his conviction because the evidence failed to identify him as the perpetrator. Specifically, he claims the evidence is insufficient because: (1) Guerra was not able to identify Heath in court; (2) although Officer Klinglesmith testified Guerra identified Heath as the perpetrator at the scene, Officer

Klinglesmith was only able to communicate with Guerra "somewhat"; and (3) Guerra and Officer Klinglesmith gave differing descriptions of Heath's attire at trial. The State responds that Guerra identified Heath as the thief to Office Klinglesmith and Officer Klinglesmith identified Heath at trial.

### A. Standard of Review

When reviewing the sufficiency of the evidence, an appellate court considers all of the evidence in the light most favorable to the verdict to determine whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.). Appellate courts are required to determine whether any rational juror could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 902 n.19. An appellate court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *See Jackson*, 443 U.S. at 319, 326; *Merritt*, 368 S.W.3d at 525; *Brooks*, 323 S.W.3d at 899. All evidence, whether properly or improperly admitted, will be considered when reviewing the sufficiency of the evidence. *See McDaniel v. Brown*, 558 U.S. 120 (2010) (per curiam); *Lockhart v. Nelson*, 488 U.S. 33, 41–42 (1988); *Jackson*, 443 U.S. at 319.

### B. Applicable Law

A person commits theft if he unlawfully appropriates property with the intent to deprive the owner of property. TEX. PENAL CODE ANN. § 31.03(a). Appropriation of property is unlawful if it is without the owner's effective consent. TEX. PENAL CODE ANN. § 31.03(b)(1). Theft is a state jail felony if the value of the property stolen is less than $20,000 and the property stolen is aluminum. TEX. PENAL CODE ANN. § 31.03(e)(4)(F)(i)

The State must prove beyond a reasonable doubt that the defendant is the person who committed the offense charged. *See Miller v. State,* 667 S.W.2d 773, 775 (Tex. Crim. App. 1984); *Wiggins v. State,* 255 S.W.3d 766, 771 (Tex. App.—Texarkana 2008, no pet.). Identity may be proved by direct evidence or circumstantial evidence, including DNA evidence, or reasonable inferences from such evidence. *See Gardner v. State,* 306 S.W.3d 274, 285 (Tex. Crim. App. 2009); *Orellana v. State,* 381 S.W.3d 645, 653 (Tex. App.—San Antonio 2012, pet. ref'd); *Roberson v. State,* 16 S.W.3d 156, 167 (Tex. App.—Austin 2006, pet. ref'd).

### C. Application of the Law to the Facts

The State concedes that Guerra could not identify Heath in court as the perpetrator. The record shows that Guerra, the eyewitness to the offense, testified that the man he saw was in the courtroom. When asked to describe the man's clothing, Guerra described the man as wearing a green jacket, a white shirt, and a grayish tie. However, Guerra then stated the man in the courtroom had a resemblance to the man he saw on the night of the offense, but noted that the man he saw on the night of the offense was thinner. Also, Guerra stated the offense occurred "past midnight." On the same day, Office Klinglesmith testified, describing the man he arrested on the night of the offense as the man in the courtroom wearing a brown coat, white shirt, and tie. The record reflects that man was Heath. Officer Klinglesmith stated that he was dispatched to the area of the offense at approximately 11:00 p.m.

The record also shows that Guerra testified the man he saw stealing the metal was a thin, African-American man of medium height, approximately five feet seven or eight inches tall. Guerra stated that he saw the man throw the bags of metal over the fence, climb over the fence, put the bags of metal into a shopping cart, and "turn[] on Lamar." Office Klinglesmith stated that he arrived at the location less than a minute after he was dispatched and observed Heath pushing a shopping cart in the street. The shopping cart contained aluminum in a couple of different forms.

—4—

① After midnight (12:05am) 3/29/14 Security Guerra sees suspect (5'7 or 5'8 slim, black) calls 911

② Arriving at work next morning Owner Greenstein (7am 3/29/14) finds (1) 6y Aluminum weighing between 100 and 160lbs (same type, same color from same customer)

③ Officer Klinglesmith receives call from dispatch at 11pm 3/29/14 arrives in less than (1) minute. 11:01pm

Security Guerra testifies there was no crime in progress at 8:5 pm at Action Metals on 3/29/14 XXXXXXXXXXXXXXXXXXXXXXXXXX

Officer Klinglesmith stops Heath just south of Action Metals and escorts him there. (Just South - 2½ blocks away 1 min later)

① Security Guerra reports crime in progress at 8:50 pm 3/29/14 supposedly identifies Heath as suspect. Heath 6'2 listed as 6,210 lbs at Book-in at 10:50 pm 3/29/14

② Security Guerra supposedly identifies (3) 6y Aluminum that he weighed at 45 lbs. (1) plastic bag and (2) dish has

③ At 9 pm 3/29/14 Officer Klinglesmith stops Heath on sidewalk behind fence before reaching street assisted by Air 1 and Officer Lashawon Watson #931 Officer Klinglesmith testifies Heath was carrying Aluminum in various forms

12:05am 3/29/14  1 min later is 8:50 pm  ? 3/29/14
Since Guerra testifies there was no crime in progress at 8:50 pm why was Heath arrested for a crime in progress and taken to the scene where he took possession of 45 lbs of Alum and everything else in the shopping cart but the Owner never receives any of the items?    No items recovered on morning after Heath arrested.

During the 2 hrs between the 8:50pm arrest and 10:50pm Klinglesmith and Watson were trying to find a way for Heath to be inside the fence since there was no ladder for him to climb. It's only alum trip to Lew Street



**52. SUMMARY:**

ON SATURDAY, MARCH 29, 2014 AT ABOUT 8:50 PM, A THEFT/ALUMINUM OFFENSE OCCURRED AT 3514 S. LAMAR ST., DALLAS, DALLAS COUNTY, TEXAS. THE COMPLAINANT IN THIS OFFENSE IS ACTION METALS AND WILL BE REPRESENTED BY BORIS GRINSTEIN. THE STOLEN AND RECOVERED PROPERTY IN THIS OFFENSE IS ALUMINUM METAL($166.50). THE PROPERTY WAS RECOVERED AT THE LOCATION AND RELEASED TO THE COMPLAINANT.

ON SATURDAY, MARCH 29, 2014 AT ABOUT 8:50 PM, WITNESS JUAN GUERRA WAS WORKING SECURITY AT THE COMPLAINANT'S CLOSED BUSINESS. WITNESS GUERRA OBSERVED SUSPECT RONNIE HEATH INSIDE THE FENCED STORAGE YARD OF THE COMPLAINANT'S BUSINESS. THE SUSPECT WAS THROWING PIECES OF ALUMINUM OVER THE FENCE ONTO THE SIDEWALK OUTSIDE THE COMPLAINANT'S BUSINESS. WITNESS GUERRA CONTINUED TO WATCH THE SUSPECT WHILE CALLING 9-1-1. THE SUSPECT THEN USED A LADDER TO CLIMB BACK OVER THE COMPLAINANT'S FENCE AND DROPPED DOWN TO THE SIDEWALK. WITNESS GUERRA OBSERVED THE SUSPECT PUTTING THE STOLEN METAL INTO A SHOPPING CART OUT ON THE SIDEWALK. UNIFORMED DALLAS POLICE OFFICERS TROY KLINGLESMITH #6415 AND LASHARON WATSON #9311, ALONG WITH THE POLICE HELICOPTER, RESPONDED TO THE LOCATION. OFFICERS LOCATED THE SUSPECT WALKING ON THE SIDEWALK OUTSIDE OF THE COMPLAINANT'S BUSINESS. THE SUSPECT WAS PUSHING A SHOPPING CART CONTAINING THE STOLEN METAL. OFFICERS TOOK THE SUSPECT INTO CUSTODY. WITNESS GUERRA IDENTIFIED AND TOOK POSSESSION OF THE STOLEN ALUMINUM. WITNESS GUERRA WEIGHED THE METAL AT APPROXIMATELY 45 POUNDS, VALUED AT $166.50. THE SUSPECT WAS TRANSPORTED TO LEW STERRETT.

ON MONDAY, MARCH 31, 2014 DETECTIVE RONALD KRAMER WAS ASSIGNED THIS CASE FOR FOLLOW UP. DETECTIVE KRAMER SPOKE TO WITNESS BORIS GRINSTEIN BY TELEPHONE. WITNESS GRINSTEIN WILL BE REPRESENTING THE COMPLAINANT. WITNESS GRINSTEIN ADVISED THAT THERE IS NO SURVEILLANCE VIDEO OF THAT PORTION OF THE STORAGE YARD. WITNESS GRINSTEIN ALSO ADVISED THAT THE COMPLAINANT DOES WISH TO PROSECUTE THE SUSPECT.

A CRIMINAL HISTORY CHECK OF THE SUSPECT REVEALED TWO PRIOR FELONY CONVICTIONS. ON 9/7/05, ON CAUSE # F05-45500, THE SUSPECT WAS CONVICTED OF FORGERY OUT OF THE 292ND JDC. THE SUSPECT WAS SENTENCED TO 2 YEARS IN PRISON. ON 12/29/11, ON CAUSE # F11-17208, THE SUSPECT WAS CONVICTED OF THEFT/ENHANCED/2 PRIORS OUT OF THE 363RD JDC. THE SUSPECT WAS SENTENCED TO 45 DAYS IN JAIL.

*[Handwritten annotations:]*

During Trial Guerra testifies crime committed after ~~midnight~~ midnight of 3/29/14 (Call in Reported at 1205 Am 3/29/14)

During Trial Off. Klinglesmith testified he stopped me at 1101 pm 3/29/14 just south of scene (Actually stopped me 2½ blocks Away At Cooper and Gould) Again crime was committed 1205am 3/29/14 23 hrs earlier

Owner Grinstein recovers 1 bg Alum weighing 100-160 lbs At 7am
1 type, 1 color, 1 customer
Heath carrying 45 lbs Alum in 3 bgs in various form At 850pm
Is this the same Aluminum? No.

(7)

| PROSECUTION REPORT Dallas Police Department | DIVISION/SECTION SCENE UNIT | DISPOSITION | SERVICE # 74473-B |
|---|---|---|---|
| WARRANT # F14-53600 | INVESTIGATOR R. KRAMER #7967 | DATE | ARREST # 14-13708 |
| | | COURT | |
| | INV'S WORK PHONE 214-671-0111 | DOCKET | DPD ID # 442359 |
| | | METHOD | |

TYPE REPORT [X] COMPLETE [ ] PRELIM [ ] SUPPL [ ] GJR    TYPE FILING [X] ADULT [ ] JUVENILE

| IF SUPPLEMENT INDICATE TO: [ ] COMPLETE [ ] PRELIM | DATE OF ORIGINAL REPORT | REASON FOR SUPPLEMENT [ ] ADD INFO [ ] CORRECTED INFO [ ] NAME CHANGE |
|---|---|---|

FILED WITH [X] DPD LEGAL LIAISON [ ] WALKED THRU JUDGE [ ] JUDGE    OTHER CO.    BY OFFICER    DATE

STATUS OF SUSPECT [X] ARRESTED [ ] AT LARGE [ ] G.J.R.    LOCATION OF SUSPECT **LEW STERRETT**

ARRESTING OFFICER(S): WATSON, L. #7967    KLINGLESMITH, T. #6415    [ ] WORKSHEET FILING

SUSPECT: **HEATH, RONNIE**

RACE B SEX M AGE:    DOB: 4-30-57    HT: 6'1    WT: 210    HAIR: GRAY    EYES: BROWN

SSN: 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    DSO# 2654870    DL#    ST:

AIS: 2654870

| HOME ADDRESS | WORK ADDRESS |
|---|---|
| ADDRESS: **HOMELESS** | ADDRESS: |
| CITY:    ST:    ZIP: | CITY:    ST:    ZIP: |
| PHONE: | PHONE: |

ARREST DATE: 3/29/14    TIME: 9:00PM    LOCATION: 3514 S. LAMAR, DALLAS, TX

OFFENSE DATE: 3/29/14    TIME: 8:50PM    LOCATION: 3514 S. LAMAR, DALLAS, TX

COMPLAINANT: **ACTION METALS**

| HOME ADDRESS | WORK ADDRESS |
|---|---|
| ADDRESS: **3514 S. LAMAR** | ADDRESS: |
| CITY: **DALLAS** ST: **TX** ZIP: **75215** | CITY:    ST:    ZIP: |
| PHONE: **214-421-9981** | PHONE: |

HOW COMMITTED: **TOOK COMPLAINANT'S PROPERTY WITHOUT PERMISSION**

CHARGE: **THEFT / ALUMINUM**    PENAL CD: **31.03**    PENAL CLS: **F/S**

P.E.S. CALLED [ ] YES [X] NO

EVIDENCE & SEIZURES:    TAG #    LOCATION NOW:

# WRIT

RECORD CHECK: **Attached**

| MAGISTRATING INFORMATION | [ ] WARNING FORM ATTACHED | MAGIS BY JUDGE | DATE | BOND$ | [ ] OUT BEFORE MAGIS. | METHOD DATE | [ ] MAGIS. INFO NOT AVAIL | CLERK DATE |
|---|---|---|---|---|---|---|---|---|

DIVISION SUPERVISORY APPROVAL _[signature]_ (ASL)    ID# 6393    DATE 3/31/14    LEGAL LIAISON REVIEW    DATE

9:00PM ARREST TIME

ARREST TIME ON PROSECUTOR'S REPORT

During Trial's Crime occured at 12:05 Am 29th of March

①

| NAME:<br>R/S/DOB:<br><br>HOME<br><br>WORK: | GUERRA, JUAN <br><br> *[handwritten]* NO ladder<br>No sidewalk<br>During Trial | THAT HE WAS WORKING SECURITY AT THE OFFENSE LOCATION WHEN HE OBSERVED THE SUSPECT INSIDE THE COMPLAINANT'S FENCED STORAGE YARD. THAT HE OBSERVED THE SUSPECT THROWING METAL OVER THE FENCE ONTO THE SIDEWALK OUTSIDE. THAT HE OBSERVED THE SUSPECT CLIMB A LADDER AND JUMP BACK OUT OF THE COMPLAINANT'S FENCE. THAT HE CALLED 911. THAT AFTER OFFICERS DETAINED THE SUSPECT OUTSIDE THE BUSINESS, HE IDENTIFIED THE COMPLAINANT'S PROPERTY AND TOOK POSSESSION OF IT. THAT HE PROVIDED THE VALUE OF THE STOLEN PROPERTY USING CURRENT MARKET VALUE. |

*[handwritten notes:]* Action Metals Neither has A sidewalk or ladder At sight

*[handwritten:]* I was stopped on Cooper And Gould 2½ Blocks AWAY FROM CRIME SCENE

*[handwritten:]* (Now just south of scene)

| NAME:<br>R/S/DOB:<br><br>HOME:<br><br>WORK: | WATSON, LASHARON #9311<br>SOUTHEAST PATROL DIVISION<br>DALLAS POLICE DEPARTMENT<br>214-670-8345 | THAT SHE ALSO RESPONDED THE CALL FOR POLICE. THAT SHE ASSISTED IN TAKING THE SUSPECT INTO CUSTODY. THAT SHE PREPARED THE SUSPECT'S ARREST REPORT. |
| NAME:<br>R/S/DOB:<br><br>HOME:<br><br>WORK: | | |

INVESTIGATING OFFICER:



| KRAMER, RONALD #7967<br>SOUTHEAST INVESTIGATIVE UNIT<br>DALLAS POLICE DEPARTMENT<br>214-671-0111 | THAT HE WAS ASSIGNED THIS CASE FOR FOLLOW-UP. THAT HE SPOKE TO WITNESS GRINSTEIN BY TELEPHONE AND CONFIRMED THAT THE SUSPECT DID NOT HAVE PERMISSION TO TAKE THE COMPLAINANT'S PROPERTY, AND THAT THE COMPLAINANT DOES WISH TO PROSECUTE. THAT HE ALSO CONFIRMED THAT THERE WAS NO VIDEO SURVEILLANCE OF THIS OFFENSE. THAT HE PREPARED THIS CASE FOR FILING. |